UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                Plaintiff

                                       DECISION and ORDER

-vs-

                                       10-CR-6128

RICHARD ANDERSON

                Defendant

_____

      This case was referred by order of the undersigned, entered June 2, 2010, ECF No. 2 to Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). On May 25, 2011, Defendant filed an omnibus motion, ECF No. 139, seeking *inter alia* suppression of statements made to Latayna Boyd, telephone conversations recorded at the Maricopa City Jail and telephone conversations recorded at the Monroe County Jail. Subsequently, on December 1, 2011 and on December 30, 2011, Defendant filed respectively a motion and supplemental motion, ECF No. 206 and ECF No. 209, to suppress historical cell phone location information. and to suppress "the seizure of sneakers pursuant to the search warrant that relied on the invalid phone number from the cell phone location information, to wit 614-805-6136 as derivative evidence from the Fourth Amendment violation." On May 29, 2012,. Magistrate Judge Feldman filed a Report and Recommendation ("R&R"), ECF No. 247, recommending that the Court deny Defendant's applications to suppress statements made to Ms. Boyd and statements recorded while Defendant was incarcerated at the Maricopa City Jail and the Monroe County Jail, as well as his application to suppress historical cell phone location

information.  Defendant timely filed objections[1] to the R & R on July 11, 2012 , ECF No. 257, requesting "that the Court reject the Magistrate Judge's recommendation and preclude from use at trial the statements obtained by the police through Latayna Boyd, and to suppress the location information derived from Mr. Anderson's historical cell phone records" and to suppress "the seizure of sneakers pursuant to the search warrant that relied on the invalid phone number from the cell phone location information, to wit 614-805-6136 as derivative evidence from the Fourth Amendment violation." Objections to Magistrate Judge's R&R of May 28, 2012, p.1 and 32..

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R & R to which objections have been made. Upon a *de novo* review of the R & R, the Court accepts the proposed findings and recommendation.

First, as to statements made to Ms. Boyd, the Court, upon *de novo* review, agrees with Judge Feldman that neither Defendant's Fifth or Sixth Amendment rights were violated. Regarding the Fifth Amendment, *Miranda* were not required, despite the fact that defendant was incarcerated, since the essential ingredients of a police dominated atmosphere and compulsion were not present.  See *Illinois v. Perkins*, 496 U.S. 292 (1990); *United States v. Cook*, 599 F.3d 1208, 1214 (10th Cir. 2010). Regarding the Sixth Amendment, it is of course well settled that right to counsel is "offense specific," and, in that regard,  on May 25 and June 8, 2010, when Ms. Boyd spoke with Defendant at the Monroe County Jail, he had not been charged with the

---

[1]Defendant does not object to Judge Feldman's recommendation that his motion to suppress telephone conversations recorded in the Maricopa City and Monroe County jails be denied.

crimes that pertain to the subject indictment. Consequently, Defendant's Sixth Amendment right to counsel was not infringed. See *Texas v. Cobb*, 532 U.S. 162, 168 (2001).

Second, as to Defendant's application to suppress historical cell phone location information the Court again agrees with Judge Feldman that Defendant has failed to establish the second requisite of the two-part standing analysis. In other words, the Court, upon *de novo* review, finds that, even assuming Defendant's a subjective desire to keep the information at issue private, he has failed to demonstrated that his subjective expectation is one that society would recognize as reasonable. See *United States v. Davis*, 2011 WL 2036463, 3 (D. Ore. May 24, 2011) (collecting cases). Moreover, even if upon appellate review, it is found that Defendant did satisfy the second prong of the standing test, the Court, agrees with the majority position that the Fourth Amendment does not require a valid search warrant as a condition precedent to obtaining historical cell phone information, and, therefore, rejects defendant's argument to the contrary. See *United States v. Graham*, 846 F.Supp.2d 384, 389 (D.Md., March 1, 2012) (collecting cases).

Accordingly, for the reasons set forth in Magistrate Judge Feldman's R & R, ECF No. 247, defendant's applications, ECF No. 139, to suppress statements made to Latayna Boyd , telephone conversations recorded at the at the Maricopa City Jail, and telephone conversations recorded at the Monroe County Jail are all denied. Likewise, Defendant's application to suppress historical cell phone location information and derivative evidence, ECF No. 206 and ECF No. 209, is denied.

IT IS SO ORDERED.

Dated: Rochester, New York
August 23, 2012

ENTER:

*/s/ Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge